[Cite as *Goodrich Corp. v. PolyOne Corp.*, 2016-Ohio-1068.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| GOODRICH CORPORATION | C.A. No.     27691 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| POLYONE CORPORATION, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.     CV 2014 03 1308 |

DECISION AND JOURNAL ENTRY

Dated: March 16, 2016

HENSAL, Presiding Judge.

{¶1}   Plaintiff-Appellant, Goodrich Corporation, appeals from a judgment of the Summit County Court of Common Pleas, dismissing its claims for lack of personal jurisdiction and failure to join a necessary party.  For the following reasons, we affirm in part, and reverse in part.

I.

{¶2}   Goodrich Corporation ("Goodrich") previously owned and operated a chemical manufacturing site (the "Site") in Calvert City, Kentucky, but sold a portion of it to Westlake Vinyls, Inc. ("Westlake Vinyls").  Westlake Vinyls owns a majority of the Site, and PolyOne Corporation ("PolyOne") owns a smaller portion.  The Site was required to undergo environmental remediation, which resulted in extensive litigation between Goodrich, PolyOne, and Westlake Vinyls.  The litigation was commenced in the United States District Court for the Western Division of Kentucky (Paducah Division) between 2003 and 2007, and involved the

allocation of cleanup costs incurred at the Site. That case resolved in a settlement agreement. *See Westlake Vinyls, Inc. v. Goodrich Corp.*, W.D. Ky. No. 5:03CV-240-R.

{¶3} While that case was pending, Goodrich pursued an action in the Summit County Court of Common Pleas against its insurers for reimbursement of costs it incurred – and would continue to incur – to remediate the Site. *See B.F. Goodrich Corp. v. Commercial Union Ins. Co.*, Summit C.P. No. CV 1999-02-0410. Goodrich obtained a favorable judgment and, by contract, PolyOne is entitled to a portion of the payments Goodrich receives from its insurer.

{¶4} Relevant to this appeal, the settlement agreement from the Kentucky litigation provides for arbitration between Westlake Vinyls and PolyOne, and contains a forum-selection clause designating the United States District Court for the Western District of Kentucky (Paducah Division) as the exclusive forum for any action or proceeding "arising out of or relating to" the settlement agreement. Although Goodrich is a party to the settlement agreement, it is not a party to the arbitration provisions found therein.

{¶5} In 2010, pursuant to the settlement agreement, PolyOne initiated an arbitration proceeding against Westlake Vinyls to recover certain costs PolyOne incurred related to the Site cleanup. As part of the ongoing discovery process, Westlake Vinyls requested documents from PolyOne relating to insurance coverage for the environmental liabilities incurred at the Site. Notably, the terms of the settlement agreement prohibit PolyOne from "assert[ing] any privilege over information regarding insurance recoveries." According to PolyOne, it produced a number of documents related to insurance recoveries to Westlake Vinyls, but, at the direction of Goodrich, withheld select documents that Goodrich maintains are privileged.

{¶6} Although it is not a party to the arbitration, Goodrich objected to Westlake Vinyls' request, arguing that it implicates privileged, confidential, or otherwise protected

documents involved in Goodrich's state-court action, which it shared with PolyOne. Despite Goodrich being a nonparty, the arbitrators, Hon. Gordon Doerfer (Ret.), Eric Van Loon, and William Hartgering (collectively, the "Arbitration Panel"), considered Goodrich's arguments, but ultimately determined that both PolyOne and Goodrich failed to establish that the requested documents were entitled to any privilege. The Arbitration Panel, therefore, ordered PolyOne to produce the requested documents.

{¶7} Shortly thereafter, Goodrich filed a complaint in the Summit County Court of Common Pleas, seeking an injunction to prevent PolyOne from producing the documents. *See Goodrich Corp. v. PolyOne Corp.*, Summit C.P. No. CV-2014-03-1308. In addition to PolyOne, Goodrich named Westlake Chemical Corp. ("Westlake Chemical") and the Arbitration Panel as defendants. Goodrich obtained a temporary restraining order preventing: (1) PolyOne from producing the documents; (2) Westlake Chemical from seeking the documents; and (3) the Arbitration Panel from enforcing its discovery ruling.

{¶8} A few days later, Westlake Chemical removed the case to the United States District Court for the Northern District of Ohio on the basis of diversity jurisdiction. The Ohio District Court then transferred the case to the United States District Court Western District of Kentucky. In doing so, the Northern District of Ohio found that "the case at bar arises out of [a] discovery dispute" and, thus, was subject to the forum-selection clause contained in the settlement agreement.

{¶9} The Western District of Kentucky, however, transferred the case to the Summit County Court of Common Pleas, finding that removal to federal court was improper because PolyOne, an Ohio citizen, did not consent to removal. Upon returning to state court, both Westlake Chemical and the Arbitration Panel moved to dismiss the action. PolyOne did not

move for dismissal. The trial court granted Westlake Chemical and the Arbitration Panel's respective motions and dismissed the entire action with prejudice, including Goodrich's claims against PolyOne. Goodrich appealed, raising four assignments of error for our review. Goodrich and the Arbitration Panel subsequently filed a joint motion to dismiss the appeal against the Arbitration Panel only, which we granted. We, therefore, will not address Goodrich's arguments as they relate to the Arbitration Panel. Additionally, we have combined assignments of error two and three for ease of consideration.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT INCORRECTLY DISMISSED GOODRICH'S CLAIMS AGAINST THE OUT-OF-STATE DEFENDANTS.

{¶10} In its first assignment of error, Goodrich argues that the trial court erred by dismissing its claims for lack of personal jurisdiction. By way of summary, Westlake Chemical argued in its motion to dismiss that the trial court lacked personal jurisdiction, that it was not a proper party to the lawsuit, and that the necessary party, Westlake Vinyls, Inc., could not be joined.

{¶11} In response, Goodrich argued that Westlake Chemical waived the defense of lack of personal jurisdiction, and that the trial court had jurisdiction under Ohio's long-arm statute. *See* R.C. 2307.382. Additionally, Goodrich argued that it properly named Westlake Chemical as a defendant because the Arbitration Panel's orders were addressed to Westlake Chemical, not Westlake Vinyls. In the alternative, Goodrich argued that the trial court should permit it to amend its pleadings to name Westlake Vinyls as a defendant. The trial court determined that: (1) Westlake Chemical did not waive its right to assert lack of personal jurisdiction; (2) Westlake Chemical was not subject to Ohio's long-arm statute because it did not commit a tort in Ohio;

and (3) the court's exercise of jurisdiction over Westlake Chemical would not comport with the requirements of due process.

{¶12} "Personal jurisdiction is a question of law that appellate courts review de novo." *Fraley v. Estate of Oeding,* 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 11. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Ross*, 9th Dist. Summit No. 26694, 2014–Ohio–2867, ¶ 33, quoting *State v. Consilio*, 9th Dist. Summit No. 22761, 2006–Ohio–649, ¶ 4.

{¶13} "The determination [of] whether an Ohio court has personal jurisdiction over an out-of-state defendant requires a two-step inquiry. First, the court must determine whether the defendant's conduct falls within Ohio's long-arm statute or the applicable civil rule. If it does, then the court must consider whether the assertion of jurisdiction over the nonresident defendant would deprive the defendant of due process of law under the Fourteenth Amendment to the United States Constitution." (Internal citations omitted.) *Fraley* at ¶ 12. This Court need not address the second step of this inquiry, however, because the alleged conduct does not fall within Ohio's long-arm statute or Civil Rule 4.3.

{¶14} Ohio's long-arm statute enumerates specific conduct that gives rise to personal jurisdiction. R.C. 2307.382. Section 2307.382(A)(6), upon which Goodrich relies, provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> * * *
> Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]

Goodrich argues that Section 2307.382(A)(6) applies because it is seeking to prevent PolyOne and Westlake Chemical from violating its privilege and confidentiality rights. It, therefore, argues that its action "sounds in tort."

**{¶15}** In its complaint, Goodrich sought injunctive relief to prevent the disclosure of allegedly privileged documents. It did not assert a tort action. *See* R.C. 2307.011(J) (defining a tort action as "a civil action for damages for injury, death, or loss to person or property."); *see also Reynolds v. Akron-Canton Regional Airport Auth.*, 5th Dist. Stark No. 2008CA00143, 2009-Ohio-567, ¶ 31 (distinguishing injunctive relief from actions based in tort). At its core, this is a discovery dispute arising out of the arbitration proceeding pending in Kentucky. *See Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, ¶ 13 (classifying a dispute regarding the discovery of allegedly privileged documents as a "discovery dispute"). While our standard of review is de novo, we agree with the trial court and similarly "can think of no circumstance under which th[e]se facts constitute tort[i]ous conduct" in this state. We, therefore, hold that Section 2307.382(A)(6), which applies to "tortious injur[ies]," is inapplicable here. Accordingly, we hold that the trial court properly granted Westlake Chemical's motion to dismiss for lack of personal jurisdiction. Goodrich's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT INCORRECTLY DISMISSED GOODRICH'S CLAIMS BASED ON ALLEGED FAILURE TO JOIN AN INDISPENSABLE PARTY.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT INCORRECTLY DISMISSED GOODRICH'S CLAIM AGAINST POLYONE.

**{¶16}** In its second assignment of error, Goodrich argues that the trial court erred by dismissing its claims based upon its alleged failure to join an indispensable party. As previously

noted, Westlake Chemical, as an alternative to its argument that the trial court lacked personal jurisdiction, argued that the trial court should dismiss Goodrich's claims because it failed to join Westlake Vinyls. Goodrich argues, in part, that the trial court erred because its determination that it lacked personal jurisdiction over the Arbitration Panel and Westlake Chemical divested it of the authority to make further rulings.

{¶17} Personal jurisdiction is "[a] court's power to bring a person into its adjudicative process[.]" *Renacci v. Evans*, 9th Dist. Medina No. 09CA0004, 2009-Ohio-5154, ¶ 6, quoting Black's Law Dictionary 870 (8th Ed.2004). Absent personal jurisdiction, a judgment of a trial court is void. *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 6.

{¶18} Because the trial court lacked personal jurisdiction over Westlake Chemical, we hold that the trial court's judgment with respect to Westlake Chemical's failure-to-join-a-necessary-party claim is void. Our ruling, however, does not affect the propriety of the trial court's dismissal of Westlake Chemical because, as discussed above, the trial court properly dismissed it for lack of personal jurisdiction. Our analysis now turns to the related issue of whether the trial court properly dismissed PolyOne.

{¶19} In its third assignment of error, Goodrich argues that the trial court erred by dismissing its claims against PolyOne because PolyOne did not raise failure to join a necessary party as an affirmative defense, nor did it move for dismissal. Although the trial court's order is unclear as to its basis for dismissing PolyOne, it presumably dismissed PolyOne in light of its determination that Goodrich failed to join a necessary party, i.e., Westlake Vinyls, and that – even if joined – the court would not have personal jurisdiction over Westlake Vinyls. Thus, the trial court appears to have dismissed the entire action pursuant to Civil Rule 19(B). Given our

determination that the trial court's judgment with respect to Westlake Chemical's failure-to-join-a-necessary-party claim is void, we hold that the trial court erred by dismissing PolyOne on those grounds.

{¶20} Goodrich's second and third assignments of error are sustained.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT INCORRECTLY ORDERED GOODRICH'S CLAIMS DISMISSED WITH PREJUDICE.

{¶21} In its fourth assignment of error, Goodrich argues that the trial court erred by dismissing the entire action "with prejudice." In light of our holding that the trial court erred by dismissing Goodrich's claims based upon its alleged failure to join a necessary party, our analysis will focus on the trial court's dismissal of Westlake Chemical based upon lack of personal jurisdiction.

{¶22} Civil Rule 41(B)(4)(a) provides that a dismissal for lack of personal jurisdiction "shall operate as a failure otherwise than on the merits[.]" As this Court has stated, "a dismissal which operates as a failure otherwise than on the merits is without prejudice, and the action may be refiled." *MBNA America Bank, N.A. v. Berlin*, 9th Dist. Medina No. 05CA0058-M, 2005-Ohio-6318, ¶ 10. We, therefore, hold that the trial court erred by dismissing Goodrich's claims with prejudice. Accordingly, Goodrich's fourth assignment of error is sustained.

III.

{¶23} Goodrich Corporation's first assignment of error is overruled. Goodrich Corporation's second, third, and fourth assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

CLAIR E. DICKINSON and LUCAS M. BLOWER, Attorneys at Law, for Appellant.

PAUL K. STOCKMAN, BRANDEN P. MOORE, JAMES M. LYONS, JR., CAROL N. TRAN, JOHN WEISENSELL, SAMUEL D. HINKLE IV, ADAM T. GOEBEL and DAVID A. SUPER, Attorneys at Law, for Appellees.