[Cite as *Waldman v. Levien*, 2023-Ohio-1584.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LAWRENCE WALDMAN, | : | APPEAL NO. C-220455 |
| | | TRIAL NO. A-2201022 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| JAN LEVIEN, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: May 12, 2023


*Hennis Rothstein Ellis LLP* and *Steven M. Rothstein*, for Plaintiff-Appellant,

*Keating Muething & Klekamp, Steven C. Coffaro* and *Paul R. Kerridge*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} Plaintiff-appellant Lawrence Waldman filed a complaint against defendant-appellee Jan Levien for intentional infliction of emotional distress. The trial court granted Levien's motion to dismiss for lack of jurisdiction. Waldman now appeals that judgment. We find no merit in his sole assignment of error, and we affirm the trial court's judgment.

{¶2} The record shows that Levien is an attorney who resides and practices law in the state of New York. New York is the only state in which she is licensed to practice. Waldman is an Ohio resident. In October 2014, he loaned his son David Waldman and David's wife $350,000 for a down payment on an apartment in New York, which was memorialized in a promissory note signed by David and his wife.

{¶3} From September 28, 2021, until December 17, 2021, Levien represented David in a divorce proceeding filed in New York. Levien stated that David was her client and that she never represented any other member of the family.

{¶4} Waldman alleged that he "was in contact with [Levien] in connection with a number of issues with respect to her representation" of David, including the treatment of the $350,000 loan. He further alleged that in November 2021, he had a telephone conversation with Levien, in which she stated that he "should be prepared to abandon the loan under the theory that the funds had been 'converted' to marital property and were no longer a debt of the parties because they would be needed to sustain David's wife after the divorce." He added that Levien "made additional representations of supposed [New York] law to [Waldman] * * * that bore no reasonable relationship to the actual law that was applicable to the matter at hand." Levien denied making those statements.

{¶5} Waldman alleged that Levien knew or should have known that those statements were incorrect and that telling someone that he or she had to abandon a

$350,000 debt would cause serious emotional distress. He further alleged that Levien's advice to him "was either intentionally misleading" to pressure him and his son into concessions, that it was so "recklessly made as to constitute intent, or was just simply made without due regard for its accuracy." Finally, he alleged that Levien's "advice and representations * * * were committed with the purpose" of injuring him, and that Levien "should have reasonably expected that the representations would injure him."

{¶6} Levien filed a Civ.R. 12(B) motion to dismiss for lack of personal jurisdiction in which she argued that even if Waldman's allegations were true, he failed to show that she had sufficient contact with the state of Ohio under Ohio's long-arm statute and the requirements of due process. The trial court granted Levien's motion to dismiss. This appeal followed.

{¶7} In his sole assignment of error, Waldman contends that the trial court erred by granting Levien's motion to dismiss. He argues that the record before the trial court was sufficient to demonstrate long-arm jurisdiction over Levien under R.C. 2307.382(A)(6) and that jurisdiction in Ohio comported with the requirements of due process. This assignment of error is not well taken.

{¶8} Personal jurisdiction is an issue of law that we review de novo. *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27; *Fern Exposition Servs., L.L.C. v. Lenhof*, 1st Dist. Hamilton No. C-130791, 2014-Ohio-3246, ¶ 9. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden to establish that jurisdiction is proper. *Kauffman Racing Equip.* at ¶ 27; *Fern Exposition Servs.* at ¶ 9. When the trial court determines a Civ.R. 12(B)(2) motion to dismiss without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, 6 N.E.3d 9, ¶ 11; *Fern*

3

*Exposition Servs.* at ¶ 9. In making its determination, the court must view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiff and resolve competing inferences in favor of the plaintiff. *Kauffman Racing Equip.* at ¶ 27; *N. Am. Software, Inc. v. James I. Black & Co.*, 1st Dist. Hamilton No. C-100696, 2011-Ohio-3376, ¶ 11.

{¶9} Whether an Ohio court has personal jurisdiction over a nonresident defendant involves a two-part inquiry. First, we must determine whether Ohio's long-arm statute, R.C. 2307.382 and its complementary civil rule, Civ.R. 4.3(A), confer jurisdiction. If so, we must decide whether the exercise of that jurisdiction would violate the defendant's due-process rights. *Fern Exposition Servs.* at ¶ 13; *N. Am. Software* at ¶ 12.

{¶10} Waldman relies on R.C. 2307.382(A)(6), which provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's * * * [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state." Thus, to invoke personal jurisdiction under that section, Waldman must show that Levien caused tortious injury in Ohio and that his cause of action arose from that tortious conduct. *Fern Exposition Servs.* at ¶ 14.

{¶11} Even construing all of Waldman's allegations as true, the conduct alleged in the complaint does not, as a matter of law, rise to the extreme and outrageous level necessary for a prima facie case of intentional infliction of emotional distress. *See FAP Properties XL, LLC v. Griffin*, 1st Dist. Hamilton No. C-210646, 2022-Ohio-3410, ¶ 23-25; *Mann v. Cincinnati Enquirer*, 1st Dist. Hamilton No. C-090747, 2010-Ohio-3963, ¶ 25-26. Waldman has failed to demonstrate that Levien engaged in tortious activity outside Ohio or that he suffered tortious injury in Ohio as

4

a result. Therefore, R.C. 2307.382(A)(6) does not provide a basis for Ohio to assert jurisdiction over Levien.

{¶12} Also, Ohio's assertion of jurisdiction over Levien does not comport with the requirements of due process. The Due Process Clause imposes a limitation on the authority of a state to assert jurisdiction over a nonresident defendant. *Fern Exposition Servs.*, 1st Dist. Hamilton No. C-130791, 2014-Ohio-3246, at ¶ 16, citing *Walden v. Fiore*, 571 U.S. 277, 283, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). The United States Supreme Court has held that a state may only assert personal jurisdiction over a nonresident defendant if the nonresident has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *N. Am. Software*, 1st Dist. Hamilton No. C-100696, 2011-Ohio-3376, at ¶ 20, quoting *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

{¶13} A state may exercise either general or specific jurisdiction, depending on the nature of the contacts that the defendant has with the forum state. *Kauffman Racing Equip.*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, at ¶ 46; *N. Am. Software* at ¶ 20. General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systemic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state. *Kauffman Racing Equip.* at ¶ 46; *N. Am. Software* at ¶ 20. For an individual, "the paradigm form for the exercise of general jurisdiction is the individual's domicile[.]" *Fern Exposition Servs.* at ¶ 19, quoting *Daimler AG v. Bauman*, 571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). Waldman has not alleged any facts supporting the conclusion that Levien had sufficient contact with Ohio to render her "essentially at home" in Ohio and allow Ohio to have general jurisdiction. *See Fern Exposition Servs.* at ¶ 19.

**{¶14}** Specific jurisdiction applies when "a State exercises jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *N. Am. Software* at ¶ 20, quoting *Kauffman Racing Equip.* at ¶ 47. A court may exercise specific jurisdiction over a nonresident if the defendant has "purposely directed" his or her activities at residents of the forum state and the litigation results from the alleged injuries that "arise out of or relate to those activities." *Fern Exposition Servs.* at ¶ 21, quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In determining whether exercising specific jurisdiction is proper, the Ohio Supreme Court has adopted the three-part test set forth in *Southern Machine Co. v. Mahasco Industries, Inc.*, 401 F.2d 374 (6th Cir.1968). *Kauffman Racing Equip.* at ¶ 50.

**{¶15}** The first factor is whether the defendant purposely availed himself or herself of the privilege of acting in the forum state or causing a consequence in the forum state. *Kauffman Racing Equip.* at ¶ 51; *N. Am. Software*, 1st Dist. Hamilton No. C-100696, 2011-Ohio-3376, at ¶ 22. "Purposeful availment" is present when the defendant's contacts with the forum state "proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." (Emphasis in original.) *Kaufmann Racing Equip.* at ¶ 51, quoting *Burger King* at 475 "The defendant's conduct and connection to the state must be such that he 'should reasonably anticipate being haled into court there.' " *Id.*, quoting *Burger King* at 474.

**{¶16}** Waldman alleged that he was "in contact" with Levien regarding "a number of issues with respect to her representation of [Waldman's] son." He does not specify the nature of the contacts. He claims that the tortious injury was the result of his phone call with Levien regarding the loan. But the use of interstate means of communication such as the telephone or email does not, standing alone, constitute sufficient minimum contacts to make the exercise of jurisdiction appropriate. *Star*

6

*Seal of Ohio, Inc. v. Tri State Pavement Supplies, LLC*, 10th Dist. Franklin No. 09AP-969, 2010-Ohio-2324, ¶ 25; *Barnabas Consulting Ltd. v. Riverside Health Sys.,* 10th Dist. Franklin No. 07AP-1014, 2008-Ohio-3287, ¶ 20; *Lak, Inc. v. Deer Creek Ent.*, 885 F.2d 1293, 1301 (6th Cir.1989).

{¶17} Waldman failed to make even a prima facie case that Levien purposely availed herself of the privilege of acting in Ohio. The purposeful-availment requirement ensures that a defendant will not be haled into a jurisdiction solely because of "random," "fortuitous," or "attenuated contacts" or the "unilateral activity of another party or third person." *Kauffman Racing Equip.*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, at ¶ 51; *N. Am. Software*, 1st Dist. Hamilton No. C-100696, 2011-Ohio-3376, at ¶ 22.

{¶18} The second factor is whether the cause of action arose from the defendant's activities in the forum state. If a defendant's contacts with the forum state are "related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *Kaufman Racing Equip.* at ¶ 70, quoting *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir.1996). The action need not formally arise from the defendant's contacts with the forum. They only need to have a substantial connection to the defendant's in-state activities. *Id.*; *Fern Exposition Servs.*, 1st Dist. Hamilton No. C-130791, 2014-Ohio-3246, at ¶ 28. Arguably, Waldman satisfies this requirement because the alleged cause of action did have a substantial connection with the telephone call, but Waldman must satisfy all three prongs of the test. *See Kaufman Racing Equip.* at ¶ 48; *Cincinnati Equine, LLC v. Sandringham Farm, LLC,* 1st Dist. Hamilton No. C-150067, 2016-Ohio-803, ¶ 14.

{¶19} The third factor is whether the acts of the nonresident defendant or consequences caused by the defendant have a substantial connection with the forum state so as to make the exercise of jurisdiction reasonable. *Kaufman Racing Equip.* at

¶ 71; *N. Am. Software* at ¶ 25. This case presents the unusual situation where Ohio has little interest in resolving the dispute. *See Fern Exposition Servs.* at ¶ 30. Due process requires that a defendant "not be compelled to defend himself in a court of a state with which he has no relevant connection." *Id.* at 32, quoting *Southern Machine*, 401 F.2d at 386, fn. 34. Levien had no relevant connection to the state of Ohio, and Ohio's assertion of jurisdiction would not comport with "fair play and substantial justice." *See Burger King Corp.*, 471 U.S. at 476, 105 S.Ct. 2174, 85 L.Ed.2d 528; *Greene v. Whiteside*, 181 Ohio App.3d 253, 2009-Ohio-741, 908 N.E.2d 975, ¶ 17 (1st Dist.).

{¶20} Consequently, the trial court did not err in granting Levien's motion to dismiss for lack of personal jurisdiction. We overrule Waldman's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **BOCK, J.,** concur.

Please note:
The court has recorded its own entry this date.