JUDGMENT UPON RECONSIDERATION
{¶ 1} This matter is before the court on an App.R. 26(A) application for reconsideration filed by Defendant-Appellee, Time Warner Cable Western Division ("Time Warner"). Plaintiff-Appellant, Ronald K. Fenton, has filed a memorandum contra.
 {¶ 2} "The test generally applied for determining a motion for reconsideration is whether the motion calls to the attention of the court an obvious error in the decision, or raises an issue for consideration by the court. The motion for reconsideration ordinarily may not raise new issues not previously raised, Columbus v. Hodge, 37 Ohio App.3d 68,523 N.E.2d 515 (Franklin 1987)." Whiteside, Ohio Appellate Practice (2003 Ed.), Author's Comment, p. 700.
 {¶ 3} Our judgment herein rendered on October 3, 2003, reversed a summary judgment the trial court had granted in favor of Time Warner on Fenton's age-discrimination-in-employment claim. We held that a genuine issue of material fact relevant to the discriminatory intent element of Fenton's claim remains for determination. That issue concerns the fourth prong of the test announced in Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146: whether the age-discrimination claimant "was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class." Syllabus by the Court, paragraph one.
 {¶ 4} The replacement issue has two prongs. One asks whether the claimant's job-duties were, in fact, reassigned to another person or persons. The other asks whether, when reassignment occurs, the person or persons to whom those duties were reassigned is within the protected class of persons. That class is persons forty years of age or older. R.C.4112.14(B).
 {¶ 5} The reassignment issue is sometimes complicated when an initial reassignment is later modified so as to distribute the claimant's job duties to persons other than those to whom they were initially reassigned. That occurred here. Fenton's job duties were initially reassigned to two other employees. Eight months later, they were reassigned to two others. Shifting job assignments is typical in business for purposes other than age discrimination. Therefore, whether an initial reassignment or a subsequent modification was the product of a prohibited discriminatory intent is almost always a question of fact for purposes of the presumption of discriminatory intent that the Barker v. Scovill test creates.
 {¶ 6} Less complex is the issue the second prong of the test presents: whether the person or persons to whom the claimant's duties were reassigned was at the time of his discharge outside a protected class. That question is easily resolved when the class is defined by age, as it is here, and the duties are reassigned to but one person. It becomes more problematic when the duties are reassigned to two or more persons, one of whom is not outside the protected class but within it.
 {¶ 7} We were confronted with that protected class issue in Lincolnv. ANR Advance Transportation Company (Nov. 13, 1998), Montgomery App. No. 16975. There, the age discrimination claimant's duties permitted the retention of two other employees, one who was within the protected class and another who was not within it. We held:
 {¶ 8} "Where there is no new employee hired as a "replacement" for the discharged employee but rather the discharged employee's job duties are redistributed among a number of employees, if one employee in that redistribution group is a member of the same protected class as the discharged employee, the fourth element of the Kohmescher test[1] is "necessarily" not satisfied. Smith v. E.G. Baldwin Associates,Inc. (April 29, 1997), Franklin App. No. 96APE07-948, unreported, 1997 Ohio App. LEXIS 1763, at p. 9, citing Shepard v. The Limited, Inc. (June 8, 1993), Franklin App. No. 92AP-1440, unreported, 1993 Ohio App. LEXIS 2939."
 {¶ 9} We were again confronted with the protected class issue here, on essentially identical facts. Fenton's alleged termination did not permit the retention of another employee instead of Fenton, but his duties were initially reassigned to three other employees. Two were less than forty years of age and outside the protected class. One was fifty-eight years of age and within the protected class. Those same duties were reassigned eight months later to two other employees, both of whom were forty years of age or more. We held:
 {¶ 10} "Whether and when Fenton was `replaced' is a question of fact. If the initial distribution and assignment of his job duties among three persons was a replacement and one of those persons was then not a member of the protected class, then the fourth prong of the Barker v.Scovill test is satisfied. That question cannot be resolved on summary judgment, as the trial court did, because on this record it is a genuine issue of fact which is material to Fenton's age discrimination claim."
 {¶ 11} Time Warner argues that our pronouncement in this case is irreconcilable with our pronouncement in Lincoln v. ANR Transportation,
and we agree. Time Warner further argues that our holding in Lincoln is the correct holding, and that as a prior decision of this court it is entitled to deference.
 {¶ 12} Fenton argues that Time Warner's application should be rejected as a late presentation of applicable precedent. We might agree, except that as a contrary pronouncement of this court on precisely the same question of law, our holding in Lincoln cannot be ignored.
 {¶ 13} Fenton further argues that application of the rule ofLincoln would permit an employer to fire an older worker because of his age or her age and yet avoid a discriminatory intent finding by transferring some of the fired worker's duties to another worker in the protected class. That, according to Fenton, would defeat the purpose of the age discrimination prohibitions of R.C. 4112.14.
 {¶ 14} Fenton's argument has some merit, but it fails in the context of the Barker v. Scovill test and its purposes. The test, if satisfied, creates only a rebuttable presumption of age discrimination. Employers regularly seek to rebut the presumption with evidence of a legitimate, non-discriminatory reason for the discharge concerned. Id.Lincoln merely recognizes that when some of the discharged worker's duties are reassigned to other workers and one of them is in the protected class, the presumption of discriminatory intent is not warranted. It does not, as Fenton seems to suggest, prevent proof of discriminatory intent in a more conventional way, through direct evidence and inferences which are reasonably drawn from it.
 {¶ 15} "The doctrine of stare decisis is designed to provide continuity and predictability in our legal system." Westfield Ins. Co.v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849, ¶ 43. Those values would be undermined were we to not follow and apply our holding inLincoln in the case now before us; to do so would promote confusion with respect to which rule applies in the age-discrimination-in-employment cases that regularly come before the courts of this appellate district. Also, and upon reflection, we believe that the rule Lincoln is the correct resolution of the issues presented, for reasons set out above.
 {¶ 16} Our failure to follow and apply our holding in Lincoln was an obvious error sufficient to warrant reconsideration of our judgment herein. Hodge. Further, and applying the rule of Lincoln, we find that Fenton cannot satisfy the fourth prong of Baker v. Scovill, because one of the workers of whom his duties were assigned initially as well as both workers to whom they were later reassigned were within the protected class of persons, being persons forty years of age or more. Therefore, our judgment of October 3, 2003 is Vacated, and judgment is hereby entered in favor of Time Warner, affirming the judgment of the trial court from which this appeal was taken.
 {¶ 17} So Ordered.
Mike Fain, Presiding And Administrative Judge, James A. Brogan, Judge and Thomas J. Grady, Judge.
[1] Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 439, affirmed the four-part test adopted in Barker v. Scovill.