DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court upon the motion for reconsideration filed by appellant, Darek Lathan. Also before the court is a memorandum in opposition filed by appellee, state of Ohio.
 {¶ 2} Reconsideration of an appellate decision is permitted under App. R. 26(A). It is warranted only if the motion specifies an error in the court's decision or identifies an issue that was not fully considered by the court when it should have been. State v. Owens (1997),112 Ohio App.3d 334, 336 and Matthews v. Matthews (1981),5 Ohio App.3d 140, 143.
 {¶ 3} This appeal was resolved pursuant to the guidelines set forth inAnders v. California (1967), 386 U.S. 738. Appellant now contends that in our independent review of this case, we failed to consider the impact ofBlakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531, upon this case.
 {¶ 4} Appellant was convicted of violating R.C. 2911.01(A)(1), aggravated robbery, and R.C. 2905.01(A)(2), kidnapping, both felonies of the first degree. Under Ohio's sentencing statutes, the court could impose a prison term of three to ten years. The court imposed six-year terms for both offenses to run concurrently with each other but consecutively with a previous robbery conviction. Appellant argues that the imposition of more than the minimum sentence for each offense was based upon a finding by the trial judge and thus violates his due process rights under the Fourteenth Amendment and his right to trial by jury under the Sixth Amendment.
 {¶ 5} Appellee opposes the motion on two grounds. First, appellee argues that an appellate court cannot consider a new issue on reconsideration or raise issues sua sponte. Instead, it argues that appellant must seek to reopen his appeal and demonstrate that his appellate counsel was deficient for failing to raise this issue.
 {¶ 6} Generally, an appellate court does not consider additional assignments of error on reconsideration. Fenton v. Time-WarnerEntertainment Co., 2d Dist. App. No. 19755, 2003-Ohio-6317, at ¶ 2. However, this case involves an Anders brief and a motion by appointed counsel to withdraw as appellate counsel. Under Anders v. California,
supra, the appellate court must independently review the entire record to determine if the appeal is wholly frivolous. The appellate court need not discuss in its decision all the issues it considered and dismissed during its independent review. However, when appellant contends in a motion for reconsideration that this court failed to consider an issue, we find that it is appropriate for the court to reconsider its review of the appeal. Reopening the appeal under App. R. 26(B) is unnecessary when a timely motion for reconsideration can be filed.
 {¶ 7} Second, appellee argues that even if Blakely applies, appellant has failed to demonstrate that he was prejudiced because some courts have held that it does not apply to Ohio's sentencing statutes.
 {¶ 8} Our role on reconsideration of an Anders case is not to determine the merits of the proposed assignment of error. Rather, we determine only whether the proposed assignment of error is frivolous. The issue presented in this case is one of great controversy within Ohio as well as at the federal level. See, United States v. Booker (2005), ___ U.S. ___ S.Ct. ___, ___ U.S.L.W. ___, 2005 U.S. LEXIS 628 and
 {¶ 9} State v. Barnette, 7th Dist. App. No. 02 CA 65, 2004-Ohio-7211. Neither this court nor the Ohio Supreme Court have determine the applicability of the Blakely, supra, case to Ohio's felony sentencing scheme. While other Ohio appellate courts have considered and rejected the argument, their decisions are not binding upon us. Therefore, we find that this is an arguable issue and that appellant is entitled to an appeal.
 {¶ 10} Accordingly, we find appellant's motion for reconsideration well-taken. Our decision dated December 23, 2004 is reversed in part. We reverse our finding that the appeal is wholly frivolous and our affirmation of the judgment of conviction and sentencing. In all other respects, the decision remains unchanged. The assignments of error and brief are to be filed within 30 days from the date of this decision and judgment entry. It is so ordered.
Appeal Reopened.
Handwork, J., Knepper, J., Concur.