French, J.,
dissenting.
{¶ 189} I respectfully dissent.
{¶ 190} This discretionary appeal stems from the application of appellant, Brandon Moore, for delayed reconsideration of his direct appeal from his resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Moore asks us to decide whether the constitutional prohibition against life-without-parole sentences for juvenile nonhomicide offenders announced in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 *608 (2010), and extended to mandatory life-without-parole sentences for juvenile homicide offenders in Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), also prohibits lengthy term-of-years sentences that approximate de facto life sentences. But we need not reach the constitutional question because, no matter how the court decides it, the Seventh District Court of Appeals did not abuse its discretion by denying Moore’s application for delayed reconsideration. I would therefore affirm the court of appeals’ judgment.
{¶ 191} On March 24, 2009, the Seventh District affirmed Moore’s resentenc-ing, following the remand pursuant to Foster, and rejected Moore’s pro se assignment of error that the resentencing violated his right to due process. State v. Moore, 7th Dist. Mahoning No. 08 MA 20, 2009-Ohio-1505, 2009 WL 825758 (“Moore III ”). The court noted that this was Moore’s third appeal, that most issues with respect to his convictions and sentence were res judicata, and that its review was limited to issues arising from Moore’s most recent resentencing. Moore did not appeal the March 24, 2009 decision.
{¶ 192} On September 16, 2013, Moore filed an application for delayed reconsideration of Moore III pursuant to App.R. 26(A)(1) and 14(B). The standard for reviewing an application for reconsideration is whether the application calls to the court’s attention an obvious error in its decision or raises an issue that the court either did not consider at all or did not consider fully when it should have. Matthews v. Matthews, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). Moore argues that his sentence violates the constitutional rule established in Graham.
{¶ 193} Moore’s application for reconsideration was unquestionably untimely under App.R. 26(A)(1), but the court of appeals implicitly recognized—consistent with the majority opinion’s holding here—that it had authority, pursuant to App.R. 14(B), to permit the untimely filing upon a showing of extraordinary circumstances. App.R. 14(B) authorizes a court of appeals to enlarge the time for doing any act or to permit the act to be done after the expiration of the prescribed time upon a showing of good cause, but “[enlargement of time to file an application for reconsideration * * * pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances.” Relief under App.R. 14(B) is subject to the court of appeals’ discretion. L.R. Patrick, Inc. v. Karlsberger & Assocs., Architects, Inc., 10th Dist. Franklin No. 81AP-70, 1981 WL 3231, *1 (June 4, 1981).
{¶ 194} I agree with both the majority opinion and Justice Kennedy’s dissenting opinion that the appropriate standard of review in this case is abuse of discretion. See Reichert v. Ingersoll, 18 Ohio St.3d 220, 222, 224, 480 N.E.2d 802 (1985). An abuse of discretion connotes a decision that is unreasonable, arbitrary or unconscionable. Gen. Motors Corp. v. Tracy, 73 Ohio St.3d 29, 32, 652 N.E.2d *609 188 (1995). Assuming that the court of appeals had authority under App.R. 14(B) to consider Moore’s application for delayed reconsideration more than four years after the decision in Moore III, it did not abuse its discretion in denying the application.
{¶ 195} The court of appeals summarily denied Moore’s application for the reasons it articulated in State v. Bunch, 7th Dist. Mahoning No. 06 MA 106 (Aug. 8, 2013), and State v. Barnette, 7th Dist. Mahoning No. 06 MA 135 (Sept. 16, 2013). State v. Moore, 7th Dist. Mahoning No. 08 MA 20, 2013-Ohio-5868, 2013 WL 6918852, ¶ 2. In both of those cases, the court rejected applications for delayed reconsideration in which the applicants asked the court to extend the holdings in Graham and Miller to prohibit “de facto life sentences” for juveniles. In Bunch and Barnette, the court found no extraordinary circumstances under App.R. 14(B) for two reasons: the lengthy delay between the Graham and Miller decisions and the applications for delayed reconsideration and, “most importantly],” Graham and Miller were not directly on point and neither this court nor the United States Supreme Court had extended them to de facto life sentences. Bunch at 3; Barnette at 3.
{¶ 196} In Bunch, the court stated, “[W]hen appellate courts have found extraordinary circumstances based on binding decisions from higher courts, they have done so when the higher court’s case is directly on point.” Bunch at 3. It reasoned, “[I]f the higher court’s binding decision is not directly on point, there would not be an obvious error and, as such, the requisite finding of extraordinary circumstances, to enlarge the time for filing an application for reconsideration, would not be warranted.” Id.
{¶ 197} Any error regarding application of Graham and Miller to the facts of Moore’s case was far from obvious. The majority opinion acknowledges that the defendant in Graham was serving a life sentence, and the actual holding in Graham states, “The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.” (Emphasis added.) 560 U.S. at 82, 130 S.Ct. 2011, 176 L.Ed.2d 825. Miller extended that constitutional prohibition to mandatory life-without-parole sentences to juvenile homicide offenders. 567 U.S. at 470, 132 S.Ct. 2455, 183 L.Ed.2d 407. Unlike the defendants in Graham and Miller, however, Moore did not receive a sentence of life without parole. Rather, having been found guilty of 12 counts and 11 firearm specifications, Moore received multiple, consecutive term-of-years sentences, which added up to a lengthy aggregate prison term. So, even if the considerations underlying Graham would support extending that case to lengthy term-of-years sentences, the Supreme Court’s decisions in Graham and Miller, as the Seventh District held in Bunch and Barnette, are not directly on point.
*610 {¶ 198} Here, the majority extrapolates from Graham the rule that the Eighth Amendment prohibits the imposition of any sentence on a juvenile'—whether designated a life sentence or a term-of-years sentence—that extends beyond the offender’s life expectancy and denies the offender a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. But when the court of appeals denied Moore’s application for delayed reconsideration, not only had neither this court nor the United States Supreme Court extended Graham in the manner that Moore requests, but numerous courts had held that Graham does not apply to lengthy term-of-years sentences. See, e.g., State v. Kasic, 228 Ariz. 228, 265 P.3d 410, ¶ 20 (Ariz.App.2011); Henry v. State, 82 So.3d 1084, 1089 (Fla.App.2012), quashed, 175 So.3d 675 (Fla.2015). See also Goins v. Smith, N.D.Ohio No. 4:09-CV-1551, 2012 WL 3023306, *6 (July 24, 2012), aff'd, 556 Fed.Appx. 434 (6th Cir.2014); Bunch v. Smith, 685 F.3d 546, 550 (6th Cir.2012) (denying habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 because Graham did not clearly apply to lengthy term-of-years sentence for multiple nonhomicide offenses; Graham “did not clearly establish that consecutive, fixed-term sentences for juveniles who commit multiple nonhomicide offenses are unconstitutional when they amount to the practical equivalent of life without parole”). In its decisions denying applications for delayed reconsideration in Bunch and Barnette, the Seventh District cited five decisions from other states that refused to extend Graham to prohibit lengthy term-of-years sentences, while also acknowledging two decisions from other states that held to the contrary. In any event, there was no clear authority as to whether the holdings of Graham and Miller extend to lengthy term-of-years sentences like Moore’s.
{¶ 199} Finally, Moore did not challenge his sentence based on the Eighth Amendment in Moore III. Rather, Moore raised a single assignment of error that his resentencing violated his right to due process. Even accepting the majority’s conclusion that Moore’s sentence violates the Eighth Amendment to the United States Constitution, Graham and Miller do not establish an obvious error in the Seventh District’s decision upholding Moore’s resentencing on due-process grounds. Moore was not entitled to use an application for delayed reconsideration as a substitute for a request that the court consider, in the first instance, an issue that was not previously presented to the court. A court of appeals may not ordinarily consider on a motion for reconsideration an issue that was not previously raised. Fenton v. Time Warner Entertainment Co., 2d Dist. Montgomery No. 19755, 2003-Ohio-6317, 2003 WL 22781322, ¶ 2, citing Whiteside, Ohio Appellate Practice 700 (2003) (author’s comment).
{¶ 200} Because Graham and Miller are not directly on point, because neither this court nor the United States Supreme Court has extended Graham and Miller to Moore’s situation, because case law from across the country conflicts as to whether Graham and Miller apply to Moore’s situation, and because Moore *611 III did not include an Eighth Amendment challenge, I cannot conclude that the Seventh District abused its discretion by denying Moore’s application for delayed reconsideration. Accordingly, I dissent.
Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.
Jones Day and Rachel S. Bloomekatz, for appellant.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging reversal for amicus curiae Office of the Ohio Public Defender.
Marsha Levick, urging reversal for amicus curiae Juvenile Law Center.
Jenner & Block, L.L.P., Matthew S. Heilman, and Erica L. Ross, urging reversal for amicus curiae Criminal Law Scholars.
Covington & Burling, L.L.P., Anna P. Engh, and Matthew Kudzin, urging reversal for amici curiae James M. Petro, Nancy Hardin Rogers, and Evelyn Lundberg Stratton.
Piñales, Stachler, Young, Burrell & Crouse Co., L.P.A., and Candace C. Crouse, urging reversal for amicus curiae National Association of Criminal Defense Lawyers.
Sidley Austin, L.L.P., Joseph R. Guerra, Kwaku A. Akowuah, and Jennifer J. Clark; and Vorys, Safer, Seymour & Pease, L.L.P., Alycia N. Broz, and Daniel E. Shuey, in support of neither party, for amici curiae Dr. Beatriz Luna, Dr. Charles Alexander Nelson III, Dr. Silvia Bunge, Dr. Adriana Galván, and Dr. Linda Patia Spear.
Ron O’Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.